IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

```
CORA JACKSON,                        )
                                     )
Plaintiff,                           )
                                     )
    vs.                              )    NO. 1:08-CV-49
                                     )
BERNARD RAMSEY,                      )
S. PULVER, Police Officer #1799      )
and                                  )
P. EALING, Police Officer #1787      )
                                     )
Defendants.                          )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant's Motion for Summary Judgment, filed on March 17, 2008; and (2) Motion for Ruling on Defendant's Motion for Summary Judgment, filed on July 10, 2009. For the reasons set forth below, the motion for summary judgment and motion for ruling are **GRANTED**. The Clerk of the Court is **ORDERED** to **DISMISS** Plaintiff's claims against Defendants S. Pulver and P. Ealing with prejudice. The case remains pending against Defendant Bernard Ramsey.

BACKGROUND

On August 12, 2007, Officer Pulver ("Pulver") and Officer Ealing ("Ealing") responded to a call reporting a domestic battery at Plaintiff, Cora Jackson's ("Jackson's"), residence. They met the

complainant, Bernard Ramsey ("Ramsey"), who informed them that Plaintiff had attacked and injured him. Pulver and Ealing arrived at Plaintiff's home and ultimately arrested her for battery, domestic battery, and possession of marijuana.

Plaintiff's complaint alleges a Fourth Amendment false arrest claim pursuant to 42 U.S.C. section 1983. On April 29, 2009, Pulver and Ealing filed its Motion for Summary Judgment, arguing that, as a matter of law, Plaintiff's complaint must be dismissed. Defendants also provided notice to the *pro se* Plaintiff regarding the need for her to respond to the motion pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 2982). This notice advised Plaintiff that her response was due 30 days from the date of the motion. Despite the notice, Plaintiff has not filed a response brief. Accordingly, this case will be ruled on summarily, without the benefit of a response from Plaintiff.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corporation. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal

that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406 (7th Cir. 2009).

The burden is upon the movant to identify those portions of the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of

material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original). *See also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Facts

In determining what facts this Court should rely upon in ruling on the instant summary judgment motion, this Court considers the requirements of Local Rule 56.1[1] This Rule provides that the party responding to a motion for summary judgment must include a statement of genuine issues together with appropriate citations. Failure to do so results in the Court accepting as true all properly supported facts presented in the moving party's statement of material facts. N.D. Ind. L.R. 56.1(b). Plaintiff has failed to submit a response to Defendants' Motion for Summary Judgment as required by the rule. This

---

[1] Northern Indiana Local Rule 56.1(a) provides that:
[a]ny party opposing the motion [for summary judgment] shall, within thirty (30) day from the date such motion is served upon it, serve and file an affidavits or other documentary material controverting the movant's position, together with a response that shall include in its text or appendix thereto a "statement of Genuine Issues" setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

Court has reviewed Defendants' statement of facts and finds that they are adequately supported with appropriate citations to admissible evidence. The relevant facts are as follows:

On August 12, 2007, Defendants were dispatched to the Plaintiff's home in response to a report of domestic battery. (Pulver Aff. at ¶ 2; Ealing Aff. at ¶ 2; Ramsey Dep. at 10, 22). Defendants met the complainant, Bernard Ramsey, Plaintiff's live-in boyfriend, at a nearby location where he informed Defendants that he had been involved in an altercation with Plaintiff at her home. (Pulver Aff. at ¶¶ 3, 6; Ealing Aff. at ¶¶ 3, 6; Ramsey Dep. at 10-11; Jackson Dep. at 24, 30). After complainant attempted to leave, Plaintiff slapped and scratched him, resulting in painful, burning, and bleeding wounds. (Pulver Aff. at ¶¶ 3-4; Ealing Aff. at ¶¶ 3-4; Ramsey Dep. at 13-14). Defendants personally observed these wounds and took digital photographs of them. (Pulver Aff. at ¶ 7; Ealing Aff. at ¶ 7).

Based on the complainant's information, Defendants went to Plaintiff's house to arrest her for battery and domestic battery. (Pulver Aff. at ¶ 10; Ealing Aff. at ¶ 10). After speaking with Plaintiff, Defendants observed that she did not complain of any pain or show any visible signs of injury. (Pulver Aff. at ¶ 10; Ealing Aff. at ¶ 10). While arresting Plaintiff for battery and domestic battery, Defendants observed evidence that Plaintiff was in possession of marijuana. (Pulver Aff. at ¶ 11; Ealing Aff. at ¶ 11). Plaintiff

was ultimately arrested for battery, domestic battery, and possession of marijuana. (*Id.*).

Plaintiff's Claim of False Arrest

Plaintiff's sole allegation against Pulver and Ealing is a false arrest claim. The Fourth Amendment guarantees all people freedom against unreasonable searches and seizures. U.S. Const. amend. 4. A false arrest is considered an unreasonable seizure prohibited by the Fourth Amendment. *Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005). Pulver and Ealing argue that Plaintiff's false arrest claim should be dismissed for several reasons: the circumstances presented to the officers established probable cause for the arrest, Pulver and Ealing are entitled to qualified immunity, and Plaintiff failed to file a Notice of Tort Claim. Each of these arguments will be addressed in turn.

Probable Cause

The existence of probable cause is an absolute defense to a section 1983 false-arrest claim. *Montano v. City of Chicago*, 535 F.3d 558, 568 (7th Cir. 2008). The existence of probable cause depends on whether, at the time the arrest was made, the facts and circumstances known and reasonably relied upon by the arresting officer were sufficient to warrant a prudent person in believing that the petitioner had committed or was committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); *Beck v. Ohio*, 379 U.S. 89, 91

(1964). Furthermore, probable cause exists even "if there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993).

State law ordinarily provides an officer with the authority to make an arrest. *Luellen v. City of East Chicago*, 350 F.3d 604, 611 (7th Cir. 2003); *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001), *cert denied* 535 U.S. 1018 (2002). Indiana law defines domestic battery, in part, as the intentional touching of someone who is, or is living as if they were, a spouse to the other person in a rude, insolent or angry manner that results in bodily injury. Ind. Code § 35-42-2-1.3(a). Similarly, Indiana law defines battery, in part, as the intentional touching of another person in a rude, insolent or angry manner which results in bodily injury to that person. Ind. Code § 35-42-2-1(a)(1)(A). Indiana law enforcement officers may arrest persons when there is probable cause to believe that either of these situations has occurred. Ind. Code § 35-33-1-1(a)(5).

The facts surrounding Plaintiff's arrest clearly demonstrate that Pulver and Ealing had probable cause to arrest Plaintiff. Complainant told Pulver and Ealing that Plaintiff had angrily attacked him during an argument that took place at the Plaintiff's home, where both Plaintiff and complainant lived. This attack resulted in injuries to the complainant, injuries that Pulver and Ealing personally saw and documented with photographs. "When an officer has received his

information from some person, such as the putative victim or an eyewitness, whom the officer has reason to believe is telling the truth the officer has probable cause." *Vajk v. Tindell*, 139 F.3d 902, *2 (7th Cir. 1998); *see also Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir. 1991). Furthermore, Pulver and Ealing spoke directly to Plaintiff and determined that she did not have any injuries or complaints of pain as a result of the argument. Defendants had probable cause to believe that each element of the alleged crimes was present, thereby making Plaintiff's arrest lawful.

Qualified Immunity

Qualified immunity protects public officials from liability if their actions do not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Catlin v. City of Wheaton*, 574 F.3d 361, 365 (7th Cir. 2009). The doctrine shields officials from harassment, distraction, and liability for reasonable actions committed in the course of duty. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009); *Catlin*, 574 F.3d at 365. Qualified immunity is based on the belief that "'officials should not err always on the side of caution' because they fear being sued." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Davis v. Scherer*, 468 U.S. 183, 196 (1984)).

In order to overcome a defendant's qualified immunity defense, a plaintiff must demonstrate (1) that the facts make out a violation of a federal right and (2) that the right at issue was clearly

established at the time of the defendant's alleged violation. *Pearson*, 129 S.Ct. at 815; *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Catlin*, 574 F.3d at 365; *Carvajal v. Dominguez*, 542 F.3d 561, 566 (7th Cir. 2008). Courts are free to address these two prongs in whatever order they find appropriate. *Pearson*, 129 S.Ct. at 818.

When dealing with alleged section 1983 violations, the Supreme Court has determined that qualified immunity shields officials if "a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed." *Hunter*, 502 U.S. at 227 (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). Furthermore, qualified immunity extends to officials who reasonably but mistakenly believe that probable cause exists. *Hunter*, 502 U.S. at 227; *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998).

When Pulver and Ealing arrested Plaintiff, they possessed trustworthy information that Plaintiff had committed the crimes of battery and domestic battery. The complainant indicated to Pulver and Ealing that Plaintiff intentionally and angrily caused him bodily harm. Pulver and Ealing witnessed and documented these injuries and confirmed that Plaintiff had not suffered any injury. These undisputed facts establish that Defendants, at the very least, had a reasonable belief that probable cause existed, thereby warranting qualified immunity. Therefore, even in the absence of a finding that

-9-

Plaintiff's claims against Pulver and Ealing must be dismissed because the officers had probable cause, Pulver and Ealing would be entitled to qualified immunity.

Failure to File a Notice of Tort Claim

Plaintiff stated that her sole complaint was for false arrest; however, to the extent that Plaintiff's allegations include any state law claims against the City of Fort Wayne as the employer of Pulver and Ealing, those claims are barred for failure to comply with the notice provisions of the Indiana Tort Claims Act. Indiana law provides that a claim against a political subdivision is barred unless notice is first filed with (1) the governing body of that political subdivision as well as the Indiana political subdivision risk management commission and (2) that such notice is made within 180 days after the loss occurs. Ind. Code § 34-13-3-8(a).

A plaintiff must prove compliance with the Indiana Tort Claims Act notice requirement before trial. *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007). Failure to provide the required notice creates an affirmative defense of noncompliance. *Id.* at 383–84. Once a defendant raises a failure to comply issue, the burden shifts to the plaintiff to prove compliance. *Id.* at 384. Here, Plaintiff has failed to provide any party with notice of damages for her personal injury within 180 days of the incident. Furthermore, Plaintiff has failed to reply to Defendants' Motion for Summary Judgment with any evidence that she attempted to contact the appropriate entity or

apprise them of her claim. Plaintiff failed to comply with the notice requirements of the Indiana Tort Claims Act and is therefore barred from pursuing any state claims that may exist.

CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment and motion for ruling are **GRANTED**. The Clerk of the Court is **ORDERED** to **DISMISS** Plaintiff's claims against Defendants S. Pulver and P. Ealing with prejudice. The case remains pending against Defendant Bernard Ramsey.

**DATED: September 16, 2009**          /s/RUDY LOZANO, Judge
                                       **United States District Court**